UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ABRAHAM LUBLIN,<br><br>  Plaintiff,<br>v.<br><br>AMERICAN AUTOMOBILE ASSOCIATION OF NORTHERN CALIFORNIA, NEVADA & UTAH,<br><br>  Defendant. | Case No. 2:17-cv-00021-GMN-PAL<br><br>ORDER<br><br>(Emg Mot Stay Disc – ECF No. 25) |

Before the court is Defendant's Emergency Motion to Stay Discovery and the Early Neutral Evaluation Session (ECF No. 25). The motion was filed on an emergency basis as an ENE is currently scheduled in this matter for April 4, 2017. The undersigned entered a Minute Order (ECF No. 26) on March 21, 2017, giving Plaintiff until March 24, 2017, to file a response to the motion. The court has reviewed the Motion (ECF No. 25), and Plaintiff's Response (ECF No. 27)

The motion requests a stay of discovery and the ENE in this case pending a decision on Defendant's Motion to Compel Arbitration and/or Dismiss or Alternatively, to Stay Litigation Pending Arbitration (ECF Nos. 15, 16). Defendant argues that Lublin executed an arbitration agreement during his employment with defendant which contained an arbitration provision as the exclusive and mandatory forum to resolve any employment or employment-related disputes. In spite of this agreement, Lublin filed this action in the Eighth Judicial District Court, which defendant removed (ECF No. 1) to this court. Lublin disputes ever having signed the agreement, and seeks to litigate this matter to the full extent permitted by the federal rules while the Motions to Compel Arbitration and/or Dismiss or Alternatively, to Stay Litigation Pending Arbitration (ECF No. 15, 16) are pending. Defendant argues that allowing discovery and the ENE to proceed would equate to a *de facto* denial of the pending motions before they have even been considered.

1    Lublin responds that defendant's motion to stay the ENE is untimely as it wasn't filed until
2    March 17, 2017, long after the order scheduling the ENE was entered on February 8, 2017.
3    Pursuant to LR 16-6(c) a motion for exemption from the ENE program must be filed no later than
4    7 days after entry of the order setting it. Lublin believes that holding an ENE would possibly save
5    time and resources if the case can be resolved. The response argues that arbitration is "anything
6    but inexpensive." Although arbitration may be less expensive than resolving the case through the
7    court system, it is not less expensive than trying to resolve the case at the ENE. In addition, Lublin
8    argues that there should be no reason to stay discovery because he "will agree to limit discovery
9    to that which is allowed for cases which are compelled to arbitration pursuant to condition of
10   employment arbitration agreements." The Ninth Circuit has held that reasonable discovery should
11   be allowed in employment litigation subject to arbitration. Allowing limited discovery will not
12   increase the cost of doing discovery and will be more expeditious than waiting 6 months or longer
13   for a ruling on the motion to compel arbitration. Lublin therefore requests that defendant's motion
14   be denied.

15   Defendant replies that Lublin's opposition fails to establish sufficient reasons to deny the
16   motion, disregard the parties' agreement to arbitrate, and force the parties to litigate the entirety of
17   the case pending resolution of the motion to compel arbitration. Defendant also argues that LR
18   16-6(c) is inapplicable because it is seeking a stay rather than an exemption of the ENE. Finally,
19   defendant argues that even limited discovery is "untenable and a waste of the parties' and this
20   court's resources." Defendant is not claiming that discovery should not be had, only that it should
21   proceed after the court decides the motion to compel arbitration.

22   Having reviewed and considered the moving and responsive papers involved in this motion
23   as well as the motion to compel arbitration, the court will grant the motion to stay discovery
24   pending a decision on the motion to compel, but deny the motion to stay the ENE. The ENE
25   program was designed to attempt to resolve employment related cases early in the process because
26   of the fee shifting provisions of federal law and because the costs of prosecuting and defending
27   these cases through resolution often exceeds what a successful plaintiff may hope to recover if he
28   or she prevails. The costs of participating in an ENE is typically low, and many cases are

successfully resolved during the ENE without the need for discovery or further motion practice. However, the court agrees that discovery should be stayed. Our local rules establish 180 days, measured from the date of the defendant's answer or appearance, as a presumptively reasonable time to complete discovery. Given the volume of cases and pending motions on the district court's docket, coupled with the fact she is in the midst of trying 3 successive complex criminal trials involving the same case, it is unlikely that the motion to compel will be decided any time soon.

**IT IS ORDERED** that Defendant's Emergency Motion to Stay Discovery and the Early Neutral Evaluation Session (ECF No. 25) is **Granted with respect to discovery, and Denied with respect to the ENE currently scheduled before Judge Foley on April 4, 2017 at 9:00 a.m.**

DATED this 28th day of March, 2017.

                                        PEGGY A. LEEN
                                        UNITED STATES MAGISTRATE JUDGE